## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL ACTION NO. 3:19-00153-01

STEVEN DALE McCALLISTER

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Steven McCallister's "Motion to Suppress" (ECF No. 122) and his "Motion to Suppress under Franks." ECF No. 123. On August 5, 2020, the Court held a hearing on the motions. For the reasons stated at the hearing and as further explained below, the Court **DENIES** both motions.

Defendant currently is charged in a Second Superseding Indictment with two drug offenses in violation of 21 U.S.C. § 841 (Counts Two and Three) and two firearm offenses in violation of 18 U.S.C. §§ 922 and 924 (Counts Six and Seven).[1] All these charges arise out events that occurred on June 12, 2019.

At a prior pretrial hearing held before this Court on January 7, 2020, the United States called two witnesses in opposition to Defendant's first motion to suppress.[2] The first witness was Detective Wesley Daniels, a member of the metro drug unit and of the Charleston

---

[1]On July 28, 2020, Counts One and Four were dismissed against Defendant, and all charges against Defendant's co-Defendant Larry McCallister also were dismissed.

[2]The Court denied the motion at the conclusion of the hearing.

Police Department, and the second witness was Sgt. L.J. Deskins, a violent crime and drug task force member and a West Virginia State Police Officer. Detective Daniels testified at the hearing that he had debriefed a confidential informant (later identified as Joseph Harper), who said he had purchased a substantial amount of heroin from a person who lives around Barboursville, West Virginia. *Tr. of Det. Wesley Daniels,* at 2-3, ECF No. 106. After investigating and identifying Defendant as Mr. Harper's drug source, Sgt. Deskins was contacted to apply for an Order for Electronic Interception to conduct a controlled buy from Defendant. *Id.*; *Tr. of Sgt. L.J. Deskins*, at 19, ECF No. 106. Danne Vance, a State Magistrate Judge, signed the Order for Electronic Interception. Sgt. Deskins initials, with a time of "1210," appears at the bottom of the Application, Order, and a third page describing information gathered from Mr. Harper. *Ex. 1*, ECF No. 125-1. After the Order was signed, Sgt. Deskins said he alerted Detective Daniels and Detective Pat Boyles that they could proceed with the controlled buy. *Tr. of Sgt. Deskins*, at 20. Agents equipped Mr. Harper with audio and visual recording devices, one of which allowed them to monitor the controlled buy in real time. Once the controlled buy was complete and the substance obtained was recognized as being consistent with fentanyl or heroin,[3] Sgt. Deskins was contacted to get a search warrant of Defendant's residence. *Tr. of Det. Daniels,* at 5; *Tr. of Sgt. Deskins*, at 22-24.

Magistrate Judge Vance signed the search warrant at 12:49 p.m. *Search Warrant*, ECF No. 54-1.[4] Sgt. Deskins testified that he thereafter contacted Detectives Boyles and Daniels

---

[3]According to the United States, laboratory testing on the drugs purchased during the control buy came back positive as approximately 50 grams of a heroin and fentanyl mixture.

[4]Sgt. Deskins signed the Affidavit in support of the warrant at 12:52 p.m. When asked about the slight disparity between the time of his and Magistrate Vance's signatures, he speculated that their clocks may not have been synchronized. *Tr. of Sgt. Deskins*, at 23. Irrespective of this slight discrepancy as to the time, Sgt. Deskins testified that it was all done in one process. *Id*. at 23.

and told them they could proceed with the search. *Tr. of Sgt. Deskins*, at 21. Detective Daniels stated it was another two or three hours before they actually executed the signed warrant. *Tr. of Det. Daniels*, at 6. During the search, officers seized a large amount of controlled substances, a firearm, and a variety of other items from the residence. *See Property Receipt* (June 12, 2019), ECF No. 54-1, at 20.

In his first motion, Defendant points out that the Application for Electronic Interception Order appears to have been time stamped on June 17, 2019, at 4:25 p.m. Therefore, Defendant argues the officers conducted the electronic surveillance of the controlled buy before the Application was filed, in violation of *State v. Mullens*, 650 S.E.2d 169 (W. Va. 2007). In *Mullens*, the West Virginia Supreme Court held that "the West Virginia Constitution prohibits the police from sending an informant into the home of another person under the auspices of the one-party consent to electronic surveillance . . . where the police have not obtained prior authorization to do so pursuant to W. Va. Code § 62-1D-11[.]" Syl. Pt. 4, in part, *Mullens*. However, it is clear that *Mullens* does not control the admissibility of evidence in federal court. *See United States v. Myers*, 465 F. App'x 290, 292–93 (4th Cir. 2012) (per curiam) (rejecting the appellant's argument that this Court should have applied *Mullens* and excluded the controlled buy recordings because "federal statutory and constitutional law permit law enforcement officials to place an electronic surveillance device on a consenting informant for purposes of recording communications with third-party suspects without a warrant or other judicial authorization"); *Hernandez v. United States,* Nos. 5:09-CV-00161, 5:04-CR-00178, 2012 WL 876784, at *1 (S.D. W. Va. Mar. 14, 2012) (stating *Mullens* does not apply to federal prosecutions (citations omitted)); *United States v. Shaw*, No. CR.A. 5:07-CR-00086, 2007 WL 3480478, at *1 (S.D. W. Va. Nov. 5, 2007), aff'd, 343

F. App'x 936 (4th Cir. 2009) (finding *Mullens* inapplicable "to federal prosecutions where state law enforcement officers conducted controlled buys of drugs, utilizing a confidential informant wearing a wire, but without a warrant"); 18 U.S.C.A. § 2511(2)(c) ("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception."). Therefore, the Court **DENIES** Defendant's first Motion to Suppress.

Moreover, even if *Mullens* did apply, it would not change the result in this case. Despite the time stamp, Magistrate Judge Vance's signature on the Application clearly is dated June 12, 2019, the contents of the Application provide it was made on June 12, and the Application provides that interception is valid for a period of twenty days from June 12 through July 1. At the hearing, Defendant further argued the Order for Electronic Interception had expired because the date at the bottom of the page was January 25, 2019. However, as with the Application, the contents of the Order contain the same June 12 through July 1 time period, and it is obvious the January 25 date was written in error. Additionally, both officers at the prior hearing testified the events occurred on June 12. Thus, it is clear the Application and Order were obtained before the electronic interception occurred.

Turning to Defendant's second motion, Defendant argues that Sgt. Deskins' Affidavit in support of the search warrant of his residence is insufficient to establish probable cause and Sgt. Deskins knowingly withheld information or failed to exercise due diligence in completing the Affidavit. Defendant argues the Affidavit was executed in bad faith and in violation of the

Fourth and Fourteenth Amendments of the United States Constitution. Therefore, Defendant requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).

The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Carrying this command into effect, Rule 41 of the Federal Rules of Criminal Procedure provides that, "[a]fter receiving an affidavit or other information, a magistrate judge . . . must issue [a] warrant if there is probable cause to search for and seize a person or property . . . ." Fed. R. Crim. P. 41, in part. Such an affidavit "must provide the magistrate with a substantial basis for determining the existence of probable cause[.]" *Illinois v. Gates*, 462 U.S. 213, 239 (1983).

There is a strong "presumption of validity with respect to [an] affidavit supporting [a] search warrant." *Franks*, 438 U.S. at 171. Nevertheless, in *Franks*, the Supreme Court "carved out a narrow exception to this rule[.]" *United States v. Allen*, 631 F.3d 164, 171 (4th Cir. 2011). Specifically, the Court held that where a defendant can support "allegations of deliberate falsehood or of reckless disregard for the truth" with an offer of proof, *Franks*, 631 F.3d at 171, he or she is "entitled to an evidentiary hearing on the veracity of statements in the affidavit," *Allen*, 631 F.3d at 171. If a Court concludes that "a *Franks* hearing is appropriate and an affiant's material perjury or recklessness is established by a preponderance of the evidence, the warrant 'must be voided' and evidence or testimony gathered pursuant to it must be excluded." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (quoting *Franks*, 438 U.S. at 156).

To obtain a hearing, "a defendant must make a 'substantial preliminary showing' that (1) law enforcement made 'a false statement'; (2) the false statement was made 'knowingly and intentionally, or with reckless disregard for the truth'; and (3) the false statement was 'necessary to the finding of probable cause.'"[5] *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (quoting *United States v. White*, 850 F.3d 667, 672 (4th Cir. 2017)). As "allegations of 'negligence or innocent mistake are insufficient, . . . . [t]he burden of making the necessary showing is thus a heavy one to bear.'" *United States v. Tate*, 524 F.3d 449, 454 (4th Cir. 2008) (citation omitted).

"The first required showing, of falsity, cannot be conclusory and must rest on affidavits or other evidence." *Moody*, 931 F.3d at 370 (citations omitted). Put slightly differently, "there must be evidence showing that the statements at issue are objectively false." *Id.* The second required showing is similarly rigorous, requiring an accused to demonstrate "intentional falsity or reckless disregard for the truth[.]"[6] *Id.* at 371. Once again, "[t]his showing 'must be more than conclusory' and must be accompanied by a detailed offer of proof." *Colkley*, 899 F.2d at 300 (quoting *Franks*, 438 U.S. at 171). With respect to the final showing, "the defendant must show materiality—that is, that the false statements were 'necessary to the finding of probable cause.'"

---

[5]This three-factor approach stands in slight contrast to the great weight of prior *Franks* analyses within the Fourth Circuit, which have typically described the test "as two-pronged." *See United States v. White*, 850 F.3d 667, 673 (4th Cir. 2017). The tests are substantially the same—both include intentionality and materiality prongs—but the three-factor approach separately considers whether a challenged statement is actually false.

[6]The "intent" prerequisite for a *Franks* hearing means something more than "intent" in its weaker sense—that is, something more than an act done "knowingly" or "purposefully." *See Colkley*, 899 F.2d at 300–01. Instead, a defendant must show that a challenged portion of an affidavit was included or omitted with the "design to mislead." *Id.* at 301 (emphasis removed).

*Moody*, 931 F.3d at 371 (quoting *Franks*, 438 U.S. at 156) (other citations omitted). In assessing materiality, courts will strip the allegedly false statements from an affidavit and determine whether the remaining portion of an application would still support a finding of probable cause. *Id.* If the answer is yes, a *Franks* hearing—to say nothing of suppression—is unavailable. *See Colkley*, 899 F.2d at 300.

As a final matter, the Court notes that "[d]efendants may bring *Franks* challenges both when an affidavit contains a false statement and when the affiant has omitted material facts from the affidavit." *United States v. Wharton*, 840 F.3d 163, 168 (4th Cir. 2016) (citation omitted). "Understandably, the defendant's burden in showing intent is greater in the case of an omission because "[a]n affiant cannot be expected to include in an affidavit every piece of information gathered in the course of an investigation." *United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016) (internal quotation marks and citation omitted). Even if a defendant can demonstrate the requisite intentionality or recklessness in the omission of certain information, he must still demonstrate that probable cause would be defeated by its inclusion. *See Miller v. Prince George's Cnty.*, 475 F.3d 621, 628 (4th Cir. 2007). It is this legal framework that controls the Courts consideration of the pending Motion.

In support of his motion, Defendant argues there is no indicia of Mr. Harper's reliability in the Affidavit. Defendant asserts the Affidavit fails to inform the Magistrate Judge that Mr. Harper was a convicted felon on parole at the time of the controlled buy, he was a first time confidential informant, and he had to call others to get Defendant's contact information, which draws into question his allegation that he had obtained heroin from Defendant the previous night.

In addition, Defendant claims that, once Mr. Harper made the call to set up a deal, he sounded surprised that he actually was speaking with whomever answered the phone. Defendant insists that the omission of these facts in the Affidavit establish a reckless disregard for the truth. Moreover, Sgt. Deskins could not affirm or swear to anything in the Affidavit because he had no first-hand knowledge. Instead, the information merely was being relayed to him from other officers. To the extent this Court may find the Affidavit established probable cause, Defendant contends it is negated by these material omissions.

Upon consideration, the Court finds Defendant has failed to show the omitted information was either material or done with an intent to deceive the Magistrate Judge. The fact Mr. Harper could not recall Defendant's contact information and he was a first-time informant is irrelevant to the probable cause determination because the officers monitored the controlled buy in real time as it occurred. Thus, the reliability of Mr. Harper was not at issue. In addition, even if it was at issue, Mr. Harper implicated himself in the criminal activity which gives the information he provided the officers an "indicia of credibility." *United States v. Harris*, 403 U.S. 573, 583 (1971). Similarly, the Court rejects Defendant's argument that the Affidavit does not establish probable cause because Sgt. Deskins had no first-hand knowledge. There was nothing improper with Sgt. Deskins completing the Affidavit based upon the information he was given from the officers who had such first-hand knowledge. Thus, the Court **FINDS** Defendant has failed to meet his burden to establish his entitlement to a *Franks* hearing.

Accordingly, for the foregoing reasons, the Court **DENIES** "Motion to Suppress" (ECF No. 122) and his "Motion to Suppress under Franks." ECF No. 123.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        August 11, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE